UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FELIX VAZQUEZ-VILLANUEVA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C12-2270-MJP<br><br>ORDER DENYING HABEAS PETITION |

Felix Vazquez-Villanueva pled guilty in 2008 to conspiracy to distribute methamphetamine and possession of methamphetamine. He now seeks post-conviction relief under 28 U.S.C. §2255 alleging his defense counsel was ineffective. (Dkt. No. 1.) Having reviewed the motion, the government's response (Dkt. No. 7), and Mr. Vazquez-Villanueva's reply (Dkt. No. 8), the Court DENIES the motion.

**Background**

Mr. Vazquez-Villanueva was arrested in April 2008 and charged by complaint with one count of conspiracy to distribute methamphetamine. (Case No. 2:08-cr-158MJP ("Criminal case") at Dkt. No. 1.) At his initial appearance, Mr. Vazquez-Villanueva stipulated to detention.

An immigration detainer had also been placed on him, which was contained in that detention order. (Criminal case, Dkt. No. 10.) Mr. Vazquez-Villanueva did not receive a copy or notice of that hold.

The government indicted Vazquez-Villanueva on May 8, 2008, charging him with one count of conspiracy to distribute methamphetamine and one count of possession of methamphetamine. (Criminal case, Dkt. No 12.) Both counts alleged the offence involved 50 grams or more of actual methamphetamine, offenses that carry ten-year mandatory sentences. (Id.)

In August 2008, Vazquez-Villanueva pled guilty to both counts. (Criminal case, Dkt. No. 37.) In his factual statement, Mr. Vazquez-Villanueva admitted to distributing methamphetamine to another co-conspirator and to conspiring to deliver additional quantities of the drug. (Id.) The pending motion addresses a specific and narrow aspect of the plea: whether Mr. Vazquez-Villanueva was advised of any immigration consequences of his plea. Neither of the parties submitted a transcript of the plea colloquy. (Criminal case, Dkt. No. 35.) Vazquez-Villanueva's signed written agreement did not advise him of any immigration consequences of his plea. (Criminal case, Dkt. No. 37).

Mr. Vazquez-Villanueva was sentenced to a seventy-two month period of imprisonment. (Id.) He did not appeal his conviction.

Mr. Vazquez-Villanueva served his sentence and was released in August 2013. He has advised the Court that the Department of Homeland Security has placed him in deportation proceedings. (Dkt. No. 10.) He seeks an emergency order staying any removal until this Court has ruled on his habeas petition. (Dkt. No. 10.) Mr. Vazquez-Villanueva is a citizen of Mexico,

who was brought to this county when he was four.  He is married to a U.S. citizen and has three U.S. citizen children.

Citing Padilla v. Kentucky, 559 U.S. 356 (2010), Mr. Vazquez-Villanueva seeks relief under 28 U.S.C. §2255 on the grounds he was not advised of the collateral immigration consequences of his plea. He claims this amounted to ineffective assistance of counsel. (Dkt. No. 1.)

## Discussion

### A. Legal Standard

This is a habeas petition under 28 U.S.C. § 2255.  Under section 2255 a court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A movant must allege specific facts that, if true, entitle the movant to relief.  See United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).  A judge may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Section 2255 Rules.

### B. Ineffective Assistance of Counsel

The success of Mr. Vazquez-Villanueva's habeas petition depends on him establishing he was denied the sixth amendment right to representation in criminal proceedings.  The standard for an ineffective assistance of counsel claim is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, Mr. Vazquez-Villanueva must show that his counsel's representation fell below an "objective standard of reasonableness." Id. at 688.  This is a deferential standard in

which the "distorting effects of hindsight" must be avoided. Id. at 689.  Second, Mr. Vazquez-Villanueva must establish that prejudice resulted from his counsel's faulty performance. Id. at 692. To do so, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Where a defendant pled guilty, as is the circumstance here, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Mr. Vazquez-Villanueva must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Mr. Vazquez-Villanueva argues the first element of the Strickland test here under the rule announced in Padilla:  "[i]t is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation, and the failure to do so 'clearly satisfies the first prong of the Strickland analysis.'" 559 U.S. 371.  Padilla addressed the guilty plea of a Honduran citizen, who had lived in the United States for forty years as a lawful permanent resident.  In Padilla, the defendant claimed that his counsel not only failed to advise him of the possible deportation consequences of his guilty plea, but told Padilla that he "did not have to worry about immigration status since he had been in the country so long." Id. at 360.  Padilla's claim before the Kentucky Supreme Court was denied on the ground that because deportation is a collateral consequence, and not a direct consequence, of the guilty plea, Padilla was not protected by the Sixth Amendment's effective assistance of counsel requirement. Id.  The United States Supreme Court disagreed, and held that Padilla's claim was subject to review under Strickland, both as to Padilla's claim that counsel offered affirmative misadvice, but also as to alleged omissions by defense counsel. Id. at 368-9.  Specifically, the court in Padilla held that counsel's failure to

ORDER DENYING HABEAS PETITION- 4

advise defendant that his guilty plea would subject him to deportation satisfied the first prong of Strickland. Id. Based on Padilla, at first blush, it would seem Mr. Vazquez-Villanueva's petition has some merit.

But, Mr. Vazquez-Villanueva's petition rises and falls on whether Padilla, applies retroactively. The U.S. Supreme Court's decision in Chaidez v. United States, — U.S.—, 133 S.Ct. 1103 (2013), unequivocally held Padilla has no retroactive application. Chaidez found that the Padilla Court had announced a "new rule" regarding the standards for defense counsel and defendants whose convictions became final prior to Padilla could not benefit from its holding. Id. at 1113. Here, there is no dispute that Mr. Vazquez-Villanueva's conviction became final before Padilla: Mr. Vazquez-Villanueva did not appeal his conviction and his conviction therefore became final when the time for filing a notice of appeal expired on November 24, 2009. See United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005). Chaidez therefore bars retroactive application of Padilla to Mr. Vazquez-Villanueva's petition.

To counter Chaidez's holding, Mr. Vazquez-Villanueva's argues that before Padilla, this Circuit required advisement of the collateral immigration consequences of a guilty plea.[1] Thus his counsel's performance was deficient under that case law. (Dkt. No. 8 at 3.) He relies on United States v. Kwan, 404 F.3d 1015 (9th Cir. 2005). Neither the holding nor the facts of Kwan support Mr. Vazquez-Villanueva's argument. In Kwan, defense counsel had advised the defendant that removal was "not a serious possibility," which misstated the law. The Ninth Circuit explained, "an attorney's failure to advise a client of the immigration consequences of a

---

[1] Mr. Vasquez-Villanueva also claims Washington criminal procedure requires advisement of immigration consequences. Although RCW 10.40.200 does require written advisement of those potential consequences in its guilty pleas, that statute has no application in federal court.

1  conviction, without more, does not constitute ineffective assistance of counsel," but then found
2  that "effectively misle[ading] his client about the immigration consequences of a conviction" is
3  "more" than sufficient to invoke Strickland." Kwan, 440 F.3d at 1015.

4      In contrast to the facts of Kwan, Mr. Vazquez-Villanueva does not allege he was given
5  misinformation or improperly advised of the collateral immigration consequences of his plea;
6  instead, he claims never to have been told any information about the immigration consequences
7  of a guilty plea. Kwan holds this conduct alone does not constitute ineffective assistance of
8  counsel. While the Court is conscious of the serious consequences that may result to Mr.
9  Vazquez-Villanueva and his family should he be deported, on this record, the Court cannot grant
10 him the relief he seeks.

11     Because Mr. Vazquez-Villanueva does not establish the first prong of the Strickland test,
12 the Court does not reach the other elements of an ineffective assistance of counsel claim.

13 **Conclusion**

14     Because the Supreme Court's decision in Padilla does not apply retroactively to Mr.
15 Vazquez-Villanueva's plea, the Court DENIES the petition. (Dkt. No. 1.) Having ruled on the
16 merits of the habeas corpus petition, the Court DENIES Mr. Vazquez-Villanueva's emergency
17 motion to stay his removal proceedings as moot. (Dkt. No. 10.) The clerk is ordered to provide
18 copies of this order to all counsel.

19     Dated this 12th day of September

Marsha J. Pechman
Chief United States District Judge

ORDER DENYING HABEAS PETITION- 6